UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLARENCE BROWN,

        Petitioner,

  v.                                                        Case No. 13-C-570

MILWAUKEE COUNTY CIRCUIT COURT,

        Respondent.

## SCREENING ORDER

On May 20, 2013, Petitioner filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of possession of a concealed weapon. He was sentenced to four months in jail, a sentence that apparently is stayed.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner was arrested after police arrived to a shots-fired scene and found that Petitioner

had a handgun concealed in his pants. He was not charged in the shooting, but only for possession of the concealed handgun. He asserts that a conviction for concealed carry violates the Second Amendment and the Supreme Court's most recent pronouncement on the scope of that Amendment in *District of Columbia v. Heller,* 554 U.S. 570.

The claims appear to have been fully exhausted in the state courts, and the Second Amendment defense at least states a claim for possible habeas relief. Because it is not plain from the face of the petition that the claim should fail, I will order the Respondent to respond.

Petitioner has also filed a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." See 18 U.S.C. § 3006A(a)(2). Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

Here, Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit clearly shows that he is financially eligible for appointment. The question is whether appointment of counsel would serve the interests of justice. In determining whether the interests of justice will be served by the appointment of counsel in a habeas case, the court considers the difficulty of the case and the petitioner's ability. It is significant in most habeas cases that the issues raised in federal court must first have been raised and fully considered in state court. *See* 28 U.S.C. § 2254(b)(1)(A). This means that typically, assuming he was represented by counsel in state court proceedings, the

2

petitioner will have the benefit of his previous attorney's briefing on the very same issues he seeks to raise in federal court. In addition, here the Petitioner's counsel already wrote the brief that Petitioner filed *pro se*.

I am not convinced that appointment of counsel would serve the interests of justice in this case. In this case in particular, the legal issues are clear-cut and require a determination of whether, and how, Supreme Court precedent would apply. This is an undertaking courts are well-equipped to perform without assistance of counsel. Moreover, it is clear that the "heavy lifting" has already been done here, both by the lower courts and by Petitioner's own counsel. There is not much more that an attorney would do in this action. Accordingly, Petitioner's motion will be denied. The denial is without prejudice, however. In the event circumstances change, I will reconsider Petitioner's request.

Petitioner filed with his petition an application for leave to proceed in forma pauperis. He also, however, has submitted the $5 filing fee. Because he paid the filing fee, his request to proceed in forma pauperis will be denied as moot.

THEREFORE, IT IS ORDERED that within 45 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

FURTHER, IT IS ORDERED that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims (Petitioner has already filed his brief): (1) respondent shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) petitioner shall have 30 days following the filing of respondent's opposition brief within which

to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

FURTHER, IT IS ORDERED that petitioner's motion for appointment of counsel is denied without prejudice**.**

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is denied as moot.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent[1] and to the Attorney General for the State of Wisconsin, c/o

---

[1] As Petitioner is not in physical custody, there is no "custodian" to serve. For habeas purposes he appears to be in custody of the Circuit Court, as in *Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County,* 411 U.S. 345 (1973).

4

Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.[2]

Dated this 31st day of May, 2013.

        /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

---

[2] County sheriffs, jail administrators or employees, police officers, county employees or federal agencies (such as I.C.E.) are not included and paper copies must be served on the appropriate Corporation Counsel, jail administrator or other such party by the U.S. Marshals Service.

5