UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLARENCE BROWN,

          Petitioner,

v.                                                                     Case No. 13-C-570

MILWAUKEE COUNTY CIRCUIT COURT,

          Respondent.

**DECISION AND ORDER**

Petitioner Clarence Brown received a four-month sentence following a conviction for carrying a concealed weapon, in violation of Wis. Stat. § 941.23. That sentence is stayed pending Brown's exhaustion of his appeals and habeas proceedings. He filed this petition seeking a writ of habeas corpus under 28 U.S.C. § 2244, arguing that § 941.23 is unconstitutional in light of the U.S. Supreme Court's decision in *District of Columbia v. Heller,* 554 U.S. 570 (2008). For the reasons given below, the petition will be denied.

After a two-day trial, a jury found Brown guilty of carrying a concealed weapon. The state presented testimony of Officer Joseph Warren, who was dispatched with Officers Matthew Knight and Wardell Dodds to the area of North 26th Street and Locust Avenue in the City of Milwaukee on October 2, 2009, to investigate a report of shots being fired. As they arrived at the location, Brown flagged them down and pointed to a man on another corner saying, "That's the guy. He was shooting." Officer Warren became suspicious of Brown when he noticed that he appeared to be reaching under his sweatshirt with his right hand as if he was attempting to grasp or retain an object

in his waistband. When the officers got out of their car and approached Brown, he again pointed at the other person down the street. Officer Knight then proceeded in that direction, but told Officer Warren to "check out" Brown. Brown turned his body slightly as if shielding one side and began walking away. As Officer Warren approached him, Brown moved closer to a pickup truck that was parked on the street and dropped three unspent cartridges into the bed. Officer Warren stepped closer and asked Brown if he had bullets on him. Brown responded, "Bullets? I have a gun," and then lifted up his sweatshirt and began removing a handgun from his waistband. Officer Warren immediately grabbed hold of Brown and placed him in custody.

Brown did not dispute that he was carrying a gun under his sweatshirt when Officer Warren placed him in custody. He claimed, however, that he picked the gun up off of the sidewalk to keep it away from a group of children who were standing over it before the police arrived. Brown claimed he had arrived home only a short time earlier and heard shots being fired as he went to retrieve his mail. He saw the gun lying on the sidewalk when he was telling the children to get inside. Rather than leave it there, he testified that he picked it up and unloaded it so no one would get hurt. He then placed it in his waistband. After a brief deliberation, the jury returned a verdict of guilty.

Brown filed for post-conviction relief, which the trial court denied, and then he filed a direct appeal. After the Wisconsin Supreme Court denied his petition for review, he petitioned the United States Supreme Court, which also denied his petition. Throughout his appeals, Brown argued that Wis. Stat. § 941.23 was facially unconstitutional under the U.S. Constitution, and unconstitutional, as applied to him, under the Wisconsin Constitution. The state court of appeals disagreed, finding that *Heller* did not impose any kind of strict scrutiny test and that Wisconsin's concealed carry ban

(which has since been repealed) did not infringe on Brown's Second Amendment rights. *State v. Brown,* 2012 WI App 62, 341 Wis.2d 491, 815 N.W.2d 407 (Wis. Ct. App. 2012). This habeas petition followed.

**I. Section 2254 Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a writ of habeas corpus may be granted to a petitioner whose claim has been adjudicated on the merits in state court if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if the relevant state court decision "was based on an unreasonable determination of the facts," 28 U.S.C. § 2254(d)(2). A state court decision is "contrary to ... clearly established Federal law" if the court did not apply the proper legal rule, or, in applying the proper rule, reached the opposite result as the Supreme Court on "materially indistinguishable" facts. *Brown v. Payton,* 544 U.S. 133, 141 (2005). A state court decision is an "unreasonable application of ... clearly established Federal law" when the court applied Supreme Court precedent in "an objectively unreasonable manner." *Id.*

As the Seventh Circuit has noted, "[t]his standard is particularly exacting." *Warren v. Baenen,* 712 F.3d 1090, 1096 (7th Cir. 2013). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable." *Lockyer v. Andrade,* 538 U.S. 63, 75–76 (2003) (internal citation and quotation marks omitted).

3

**II. Facial Challenge**

Petitioner first argues that Wis. Stat. § 941.23 is facially unconstitutional, meaning that there is "no set of circumstances exists under which the Act would be valid." *See United States v. Salerno,* 481 U.S. 739, 745 (1987). Wis. Stat. § 941.23 provided that any person "who goes armed with a concealed and dangerous weapon is guilty of a Class A misdemeanor." Brown's argument relies heavily on the Supreme Court's decision in *Heller,* where the Court found that "the inherent right of self-defense has been central to the Second Amendment right." 554 U.S. at 628. The Second Amendment reads: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II.

The court of appeals rejected Brown's argument, finding as follows:

> Unlike the statute addressed in *Heller*, which completely banned handgun possession, and the statute addressed in *Ezell*, which completely banned firing ranges, which were necessary for gun licenses, § 941.23 does not restrict firearm possession or even the right to possession in self-defense. It restricts concealed possession unless in self-defense or as authorized by the statute for significant public safety reasons.
>
> . . . Wis. Stat. § 941.23 promotes several valuable public safety purposes: (1) it discourages a person from acting violently on impulse, whether from anger or fear; (2) it puts people on notice when they are dealing with an individual who is carrying a dangerous weapon; and (3) it promotes the preservation of life by stigmatizing malfeasant behavior, such as carrying a concealed weapon contrary to the law.

*State v. Brown,* 2012 WI App 62, ¶ 27, 341 Wis.2d 491, 815 N.W.2d 407.

The central problem for the Petitioner is that § 2254(d) offers only a limited review of state court decisions. Even if I were to agree with his argument, I could not grant relief unless the state court decision was "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The

Petitioner faces two insurmountable hurdles contained within § 2254(d).

First, *Heller* does not supply any "clearly established Federal law" on the subject of concealment of weapons. 28 U.S.C. § 2254(d)(1). As the court of appeals recognized, *Heller* was an as-applied challenge to a *ban* on guns; as such, it said nothing about whether there was a right not only to possess handguns but to possess and carry them in secret. Thus, although *Heller* is certainly relevant precedent, it does not supply any "clearly established Federal law" on the question of concealed carry. 28 U.S.C. § 2254(d)(1). *See United States v. Masciandaro,* 638 F.3d 458, 475 (4th Cir. 2011) (recognizing that the Supreme Court left open "the question of Heller's applicability outside the home environment"). *Heller* simply says that there is an individual right to bear arms and that the District of Columbia therefore could not impose an outright ban on gun possession. Because *Heller* does not supply any "clearly established" federal law on the subject of gun *concealment*, it would be impossible to conclude that the state courts unreasonably applied that law. Simply put, the Supreme Court has never clearly established *any* law governing the concealment of firearms, which is a far different topic than *ownership* of firearms. Given the text of § 2254(d), it is clear that one of its primary goals is to prevent federal courts from extrapolating from Supreme Court precedent in circumstances that court had not addressed. But that is exactly what the Petitioner asks this court to do, namely, to take *Heller*'s holding prohibiting a ban on guns and apply it to the much more modest situation we have here, which involved a ban on *concealed* firearms. Granting relief based on *Heller* under these circumstances would therefore be improper.

But even if we could put the "clearly established Federal law" clause to one side, *Heller* would not provide an avenue for relief because the Petitioner would not be able to overcome the closely related "unreasonable application" prong of § 2254(d) either. The court of appeals did not

5

unreasonably apply *Heller* because the *Heller* court itself left open the distinct possibility that laws regulating concealment of firearms were constitutional. The court recognized that historically there were all sorts of regulations on gun ownership and use, and these would not offend the Second Amendment:

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

554 U.S. at 626-27 (emphasis added) (citations omitted).

Thus *Heller* actually appears to stand for the proposition that a ban on concealed carry would pass constitutional muster. At a minimum, it left the question squarely open. The state court of appeals cited the above paragraph from *Heller* and noted that Wisconsin's ban on concealed weapons served an important public safety objective. It also noted the differences between *Heller* and this case. "Unlike the statute addressed in *Heller*, which completely banned handgun possession, and the statute addressed in *Ezell*, which completely banned firing ranges, which were necessary for gun licenses, § 941.23 does not restrict firearm possession or even the right to possession in self-defense. It restricts concealed possession unless in self-defense or as authorized by the statute for significant public safety reasons." 2012 WI App 62, ¶ 26, 341 Wis.2d 491, 815 N.W.2d 407. Given that *Heller* explicitly cited the fact that concealed carry bans had historically

6

been allowed, and given the differences between that case and this one, it would be impossible to conclude that the state court "unreasonably" applied *Heller* or any other federal law governing firearms.

**III. "As Applied" Challenge**

In *State v. Hamdan*, the Wisconsin Supreme Court held that to sustain an "as applied" challenge to the offense of carrying a concealed weapon under the Wisconsin Constitution, a defendant must show (1) that under the circumstances then existing the defendant's interest in concealing the weapon to facilitate exercise of his or her right to keep and bear arms substantially outweighed the State's interest in enforcing the concealed weapons statute, and (2) the defendant had no alternative to concealment to exercise his or her constitutional right to bear arms. 2003 WI 113, ¶ 86, 264 Wis. 2d 433, 665 N.W. 2d 785. The court further held that such a challenge had to be made by pretrial motion and that the trial court was to determine whether the required showing had been made. *Id.* Brown argued on his appeal that he made such a showing here and that the trial court erred in denying his motion to dismiss on the ground that Wis. Stats. § 941.23 violated the Wisconsin Constitution as applied to him. In its review of Brown's as applied claim, the court of appeals affirmed the trial court's decision based on its own findings that even under Brown's version of the facts: (1) the shooting was over by the time police arrived and the shooter was nowhere near the gun; (2) the children had not touched the gun and Brown could have simply stood guard over it; and (3) he had no need to conceal the gun and wait until police asked him whether he had bullets to inform them he was carrying it. Given the state's compelling interest in prohibiting individuals from carrying concealed firearms when police enter an area where shots have been filed, and the alternative actions available, the court concluded that the trial court had properly

rejected Brown's "as applied" challenge. (ECF No. 10-6 at 15-16.)

Brown devotes much of his brief to arguing that the state court of appeals' decision got several key facts wrong. He claims, for example, that the court erred in finding that there was no threat of harm to Brown at the time he concealed the gun, and he further asserts that he was reasonable in picking up the gun and concealing it, given the presence of children in the area. But even if I agreed with Brown, he would not be entitled to federal relief. Federal habeas relief is available if the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Based on the evidence before it, I cannot say that the state courts' findings here are "an unreasonable determination of the facts." In § 2254 proceedings, state court findings are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. § 2254(e)(1).

A more important obstacle to federal relief, however, is that Brown's as applied challenged was made under the state constitution pursuant to *Hamdan*. As the respondent points out, Brown was arguing that the statute was unconstitutionally applied to him under the *Wisconsin* Constitution. The court of appeals framed the issue this way: "Brown next argues that under the test established in [*State v.*] *Hamdan*, Wis. Stat. § 941.23 is unconstitutional as applied to him under article I, section 25 of the Wisconsin Constitution, which states: 'The people have the right to keep and bear arms for security, defense, hunting, recreation or any other lawful purpose.'" *Id.* at ¶ 29. Because the allegedly erroneous factual findings were made only in the context of his state-law challenge, the argument is not properly before this court.[1] A federal court may only grant habeas corpus relief

---

[1]Petitioner is correct that "as applied" and facial challenges often overlap, and so in some circumstances a federal facial challenge could alert the state court to the federal nature of an as-applied challenge, even if the argument is not made explicit. But here the distinction isn't between

if the petitioner is in custody "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and a violation of state constitutional law would therefore not justify relief in federal court.

**III. Conclusion**

The state courts did not unreasonably apply any clearly established federal law in upholding Brown's conviction. Accordingly, the petition is **DENIED**. I further conclude that a certificate of appealability should not issue because reasonable jurists would not conclude that the state courts were unreasonable in their application of *Heller* under these circumstances.

**SO ORDERED** this 16th day of October, 2014.

   /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

---

facial versus as-applied challenges, it is between arguments made under the state and federal constitutions. Petitioner's as-applied challenge raised only questions of state law.